**RECEIVED**
JUN 30 2017
'II SYST

ATTORNEY'S NAME: Farrugia, Victor R 19324
AND ADDRESS: 1100 Poydras Street, Suite 2010, New Orleans, LA 70163

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2017-05879   DIVISION: E   SECTION: 16

**ROBINSON, CLARENCE E. JR.**

Versus

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, THROUGH ITS HEALTHCARE SERVICES DIVISION**

### CITATION

TO: MR SCOTT BALLARD, CHAIRMAN, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERISTY AND AGRICULTURAL AND MECHANICAL COLLEGE
3810 WEST LAKESHORE DRIVE, BATON ROUGE, LA 70808

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages AND INJUNCTIVE RELIEF

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA June 19, 2017

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Constance Conway, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Damages AND INJUNCTIVE RELIEF** ON MR SCOTT BALLARD, CHAIRMAN, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERISTY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH: Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER  RETURN / / SERIAL NO.  DEPUTY  PARISH | On this _____ day of _____ served a copy of the within **Petition for Damages AND INJUNCTIVE RELIEF** ON MR SCOTT BALLARD, CHAIRMAN, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERISTY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH: by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said MR SCOTT BALLARD, CHAIRMAN, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERISTY AND AGRICULTURAL AND MECHANICAL COLLEGE being absent from the domicile at time of said service. Returned the same day No. _____ Deputy Sheriff of _____ |

**RECEIVED**
JUN 30 2017
L.S.U. - BOARD
OF SUPERVISORS

ID: 9670639   Page 1 of 1

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 17-5879                                                    SECTION: 

CLARENCE E. ROBINSON, JR.

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, THROUGH ITS HEALTHCARE SERVICES DIVISION

FILED: _____                    _____
                                          DEPUTY CLERK

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

Petitioner Clarence E. Robinson, Jr. ("Robinson") brings this Petition against defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, through its Healthcare Services Division ("HSD") for violation of the Americans with Disabilities Act of 1990, 42 U.S. C. §§ 12101, et seq., as amended ("ADAAA").

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this petition because it is a court of general jurisdiction and this is an action arising under the laws of the United States, specifically, Title I of the Americans of Disabilities Act of 1990. 42 U.S.C. § 12111, et seq. and Title V, Section 503 of the Act, 42 U.S.C. 12203. Robinson has exhausted the administrative remedies available to him under 4 U.S.C. §§ 2000e, et seq. and all conditions precedent have occurred or been performed. Robinson filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on March 22, 2017. This Complaint is timely filed within the ninety-day period afforded by 42 U.S.C. §§ 2000e-5(f)(l).

2.

Venue in this is proper because Robinson was employed by HSD (formerly Medical Center of New Orleans) in Orleans Parish.

### THE PARTIES

3.

Petitioner Robinson resides in Orleans Parish, Louisiana. He was the Clinical Systems Director of the Medical Center of Louisiana New Orleans, which has been taken over by the HSD.

4.

Defendant HSD is operated by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.

## FACTUAL ALLEGATIONS

5.

On 8/25/08, Robinson was hired by the Medical Center of Louisiana New Orleans as Clinical Systems Director. Robinson's position was a professional level administrative position in the Facilities Maintenance Department. In addition to his administrative duties, he managed the employees on the Biomedical Equipment staff.

6.

On 5/2/11, Robinson fell while at work, rupturing his bilateral quad tendons on both legs, which necessitated surgery to repair his bilateral quad tendons. Robinson is a person with a disability under the ADAAA. He is an individual with a physical impairment that substantially limits one or more of his major life activities. Specifically, Robinson is limited in the major life activities of performing manual tasks, walking, standing, lifting, and bending.

7.

After his injury, Robinson submitted his request for and was approved for family medical leave. Robinson's FMLA request was backdated by to the date of injury, 5/2/11.

8.

Although Robinson made several requests regarding his status of his sick leave to the HR department while he was out of work due to his injury and surgery, he was never provided with this information.

9.

Robinson made several email requests to his supervisor James Ford to be given permission to do some of his work from his house while he was on medical leave. Mr. Ford did not respond to Robinson's requests to work from home. Not only did Mr. Ford deny Robinson's request for an accommodation, he failed to engage at all in an interactive process to explore possible accommodation to allow Robinson to perform the essential functions or to consider leave as an accommodation.

10.

On 7/19/11, Paul B. Gladden, M.D. gave Robinson a physical exam and concluded that because Robinson had a desk job, sitting all day, that it would be fine for him to return to work.

11.

On 7/27/11, Robinson submitted to his employer documentation from Dr. Gladden, that stated that Robinson was able to return to work on 8/1/11 with the accommodation of being able to use a wheelchair at work.

12.

On 7/29/11, Adler Voltaire, Chief Administrative Officer, gave Robinson a Notice of Pre-Removal Hearing, claiming that Robinson had exhausted all usable sick leave as of July 11, 2011 and claiming that Robinson's twelve-week eligibility under the Family Medical Leave Act was exhausted as of July 22, 2011.

13.

In the Notice of Pre-Removal Hearing, which was delivered by the Hospital Police on Friday, 7/27/11, Voltaire stated that the last medical certification indicated that Robinson would not be able to return to work until August 1, 2011. That date for Robinson's return to work was the next work day, Monday, August 1, 2011.

14.

Voltaire indicated in his Notice of Pre-Removal Hearing was considering terminating Robinson's employment because it was necessary to resume the completion of the duties of Robinson's position in a "normal" fashion without further delay. There was no interactive

3

process discussing the accommodation of Robinson's disability.

15.

On 8/1/11, the next work day after the Notice of Pre-Removal Hearing, Robinson was released by his physician to return to work. However, Robinson was terminated from his employment allegedly for violating Civil Service Rule 12.6(a)1 for having fewer that 8 hours of sick leave and, allegedly, that according to Robinson's physician's certificate, that Robinson was unable to perform the essential functions of the job.

16.

The reasons given to Robinson by for his termination were false because Dr. Gladden, Robinson's physician, released Robinson to return to work on the day that he was terminated, August 1, 2011.

17.

HSD did not give Robinson adequate notice that his sick leave and his leave eligibility under the Family and Medical Leave Act were being exhausted. Robinson was able to perform the essential functions of his job with accommodation. HSD could not terminate Robinson and any other similarly situated employees under 12.6(a)1 for not being able to perform the essential functions of his job and having fewer than eight hours sick leave without considering possible reasonable accommodations.

18.

This State Agency or any State Agency which applied Louisiana State Civil Service Commission Rule CSR 12.6(a)1 to remove any disabled employee or any employee on leave with a medical disability without considering a reasonable accommodation which would have assisted them in using less sick leave or allow additional leave as an accommodation or which would have assisted those disabled state employees in performing the essential functions of the job subjected a class of disabled employees to discrimination under the ADAAA.

19.

HSD's use of CSR 12.6(a)1 is based on an established policy or practice of the state agency.

4

20.

HSD failed to engage in any interactive discussion with Robinson regarding any reasonable accommodation.

21.

HSD discriminated against Robinson because of his disability and/or because he was regarded as disabled by HSD.

22.

HSD retaliated against Robinson for asking to return to work with the use of a wheelchair.

23.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, loss of compensation, extreme and severe emotional distress; mental anguish, humiliation, and embarrassment; loss of his good name, reputation and standing in the community; past and future medical and/or psychological expenses, prejudgment interest, and all such other damages as will be more fully shown in the trial of this matter.

24.

Petitioner is entitled to and desires an award of attorney's fees against Defendants.

25.

Petitioner requests and desires an award of such other relief, which he may be entitled to in law or in equity.

WHEREFORE, Petitioner Robinson requests trial and after due proceedings are had that there be judgment herein in his favor and against Defendant HSD as allowed by law, for all sums as are reasonable. These sums include, but are not limited to past and future lost compensation and benefits, lost past and future compensatory damages, including emotional distress and damage to reputation, attorney's fees, all costs of these proceedings, and interest thereon from the date of demand until paid, and all such other relief to which petitioner is entitled at law or in equity. Petitioner also requests that HSD be enjoined from failing to engage in the interactive process when considering a reasonable accommodation for individuals with a disability.

Respectfully submitted,

*[signature]*
VICTOR R. FARRUGIA (#19324)

FARRUGIA LAW FIRM, LLC
1340 Poydras Street, Suite 2100
New Orleans, LA 70112
Telephone: (504) 525-0250
Facsimile (504) 293-0651
vrfarrugia@igc.org

PLEASE SERVE VIA CITATION:
Mr. Scott Ballard, Chairman
Board of Supervisors of Louisiana State
University and Agricultural and Mechanical
College
3810 West Lakeshore Drive
Baton Rouge, LA 70808

6

A TRUE COPY
*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA