**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE E. ROBINSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-6956** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, THROUGH ITS HEALTHCARE SERVICES DIVISION** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is **GRANTED**. Plaintiff is granted leave to file an amended complaint within fifteen days of the date of this order to properly allege an official capacity claim against a state actor. Failure to file a proper amended complaint within the allotted time will result in dismissal of this action.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, through its Healthcare Services Division ("LSU"). LSU argues that this case should be dismissed because plaintiff's claims against it are barred by the doctrine of sovereign immunity.[1]

Plaintiff, Clarence E. Robinson, Jr., was employed at LSU as the Clinical Systems Director. On May 2, 2011, Robinson fell at work and ruptured his bilateral quad tendons on both legs, which

---

[1] LSU states that its motion is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a State's invocation of sovereign immunity deprives the court of subject matter jurisdiction, and "claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos Cnty., 88 F.3d 341, 343 (5th Cir. 1996). Therefore, LSU's motion will be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

were surgically repaired. Robinson alleges that this injury resulted in his being a person with a disability under the Americans with Disabilities Act ("ADAA"), 42 U.S.C. § 12101, *et seq.*

After the injury, Robinson requested, and was approved, for leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.* Robinson claims that he repeatedly asked for information regarding his sick leave status, but the information was not provided. Robinson also alleges that he asked his supervisor if he could work from home, but the supervisor did not respond, or engage in any interactive process to explore possible accommodations to allow Robinson to perform his essential job functions.

On July 19, 2011, Robinson's physician determined that Robinson could return to work. On July 27, 2011, Robinson submitted documentation to LSU stating that he could return to work on August 1, 2011, with the reasonable accommodation of being able to use a wheelchair at work. On July 29, 2011, Adler Voltair, the Chief Administrative Officer, gave Robinson a Notice of Pre-Removal Hearing, stating that LSU was considering terminating Robinson because he had exhausted all usable sick leave as of July 11, 2011, and his FMLA leave was exhausted as of July 22, 2011. On August 1, 2011, Robinson was terminated for violating Civil Service Rule 12.6(a)1 for having fewer than 8 hours of sick leave and being unable to perform his essential job functions.

Robinson filed a Charge of Discrimination with the Equal Employment Opportunity Commission and was issued a Right to Sue Letter on March 22, 2017. On June 16, 2017, Robinson filed his petition against LSU in the Civil District Court, Parish of Orleans, State of Louisiana alleging that LSU violated the ADAA by failing to engage in an interactive discussion with him regarding reasonable accommodations, discriminating against him because of his disability and

retaliating against him for asking to use a wheelchair at work. Robinson seeks various items of monetary damages, including lost compensation and benefits, compensatory damages, attorneys' fees and costs. Robinson also seeks an order requiring LSU to engage in the interactive process of considering a reasonable accommodation for individuals with a disability.

LSU removed the action to the United States District Court for the Eastern District of Louisiana alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331. Thereafter, LSU filed the instant motion to dismiss arguing that Robinson's ADAA claim against it is barred by the doctrine of sovereign immunity. Robinson concedes that he cannot seek monetary damages against LSU, but argues that he can maintain a claim for injunctive relief under the Ex Parte Young doctrine. Robinson states that he will amend his complaint if necessary to add proper defendants or additional plaintiffs.

## ANALYSIS

### I. Rule 12(b)(1) of the Federal Rules of Civil Procedure

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

## II. Sovereign Immunity

The Eleventh Amendment to the Constitution of the United States prevents a state from being sued in federal court by its own citizens, citizens of other states or foreign nations. U.S. Const. amend. XI; Hans v. Louisiana, 10 S.Ct. 504 (1890). As a state agency, LSU can invoke sovereign immunity. See Raj v. La. State Univ. Bd. of Supervisors, 714 F.3d 322, 328 (5th Cir. 2013). "Sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." Myers ex. rel. Benzing v. Texas, 410 F.3d 236, 254 (5th Cir. 2005). A State may waive or "relinquish its immunity from suit while retaining its immunity from liability, or vice versa." Id. at 255. Although LSU invoked the jurisdiction of the federal courts and waived its immunity from suit in the federal forum by removing this action, it has retained its separate immunity from liability, which it invokes in its motion to dismiss. Id. Moreover, Congress has not validity abrogated the States' Eleventh Amendment immunity to suits under Title I of the ADAA. Bd. of Trustees of the Univ. of Ala. v. Garrett, 121 S.Ct. 955, 963-68 (2001). Therefore, Robinson's ADAA claims against LSU must be dismissed.

However, under the precedent set in Ex Parte Young, 28 S.Ct. 441 (1908), a plaintiff may sue a government entity by naming a governmental officer as the defendant and seeking prospective declaratory or injunctive relief. The Ex Parte Young "doctrine holds that acts by state official which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state and a federal courts' injunction against such wrongful acts is not a judgment against the state itself." Saltz v. Tenn. Dep't of Emp't Sec., 976 F.2d 966, 968 (5th Cir. 1992). To prevail on such a claim, a plaintiff must demonstrate that he has: (1) sued an individual person in his or her official capacity as a state agent;

and, (2) that the relief sought is injunctive or declaratory. Id. Robinson has not alleged a claim under the Ex Parte Young doctrine because he has not named an individual person in his or her official capacity as a state agent as a defendant. Robinson is granted leave to file an amended complaint within fifteen days of the date of this order to allege such a claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. #6) is **GRANTED**. Plaintiff is granted leave to file an amended complaint within fifteen days of the date of this order to properly allege an official capacity claim against a state actor. Failure to file a proper amended complaint within the allotted time will result in dismissal of this action.

New Orleans, Louisiana, this 13th day of September, 2017.

Mary Ann Vial Lemmon

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**